UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-cv-81600-MARRA/MATTHEWMAN

SREAM, INC., a California corporation,

    Plaintiff,

v.

HASSAN HAKIM & SARWAR, INC.,
a Florida corporation,

    Defendant.

_____/



FILED by _____ D.C.

MAR 0 6 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING DEFENDANT'S MOTIONS TO COMPEL [DEs 28, 29]

**THIS CAUSE** is before the Court upon Defendant, Hassan Hakim & Sarwar, Inc.'s ("Defendant") Motion to Compel Documents Responsive to Its First Request for Production of Documents [DE 28] and Defendant's Motion to Compel Complete Answers to Its First Set of Interrogatories [DE 29]. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 14. Plaintiff, Sream, Inc. ("Plaintiff") has filed responses to the motions to compel [DEs 32, 33], and Defendant has filed replies [DEs 34, 35]. The motions are now ripe for review, and the Court finds that a discovery hearing on the motions is unnecessary.

I.      DEFENDANT'S MOTION TO COMPEL DOCUMENTS [DE 28]

In its motion to compel documents [DE 28], Defendant argues that Plaintiff's objections to Requests #8, 10, 13, 14, 15, 16, and 20 should all be overruled. Defendant is seeking reasonable attorney's fees and costs incurred in filing the motion. *Id.* In response, Plaintiff argues that the only requests that it continues to object to are Requests #8, 14, 15 and 16. [DE

1

32].   Plaintiff also seeks attorney's fees for having to respond to the motion.   *Id.*   In Defendant's reply, it contends that Plaintiff has cited no legal authority in support of its arguments that Plaintiff's objections to Requests #8, 14, 15, and 16 should be sustained.   [DE 33].   Defendant also asserts that, while Plaintiff did serve a revised response on February 24, 2017, after the filing of Defendant's motion to compel, the revised responses to Requests #7, 11, and 18 are still deficient and are still at issue since Plaintiff refuses to produce the documents without a protective order in place that provides for attorney's fees (which Defendant will not agree to).[1]   *Id.*

Request #8

With regard to Request #8, Defendant seeks documents pertaining to the terms of engagement of Plaintiff's investigators retained by Plaintiff in this matter or who investigated the violations alleged in the Complaint.   Plaintiff's sole objection in its revised response to Request #8 [DE 35-1, p. 2] is "Objection, Work Product Doctrine and Attorney Client Privilege." Plaintiff asserts attorney-client privilege and work-product privilege, but Plaintiff has not produced a privilege log or set forth any facts to support its position.   Defendant contends that Plaintiff's objection to Request #8 is boilerplate based on an asserted privilege without a required privilege log.

The Court makes the following findings regarding Request #8.   First, Plaintiff failed to complete a privilege log as required by Local Rule 26.1(e)(2)(C).   Second, Plaintiff failed to include in its objection the detailed information required by Local Rule 26.1(e)(2)(B)(i) and (ii)(a).   In effect, Plaintiff made an improper boilerplate objection with no specifics and which

---

[1] Defendant's motion to compel notes that the parties were engaged in conferral to try and resolve these disputes. Defendant further noted that Plaintiff advised that it was going to file revised responses as to the requests, and Defendant reserved the right to address Plaintiff's revised responses if they remained deficient.   [DE 28, p. 2, f.n. 2].

did not comply with the Federal Rules of Civil Procedure and the Local Rules. "This District does not recognize generalized boilerplate objections." *Walinbay S.A. v. Fresh Results, LLC*, No. 13-CIV-60844, 2014 WL 1267170, at *2 (S.D. Fla. Feb. 26, 2014); *see also Taylor v. Bradshaw*, No. 11-80911-CIV, 2014 WL 6459978, at *7 (S.D. Fla. Nov. 14, 2014) (improper cut and paste, boilerplate objections are not permitted); *Adelman v. Boy Scouts of America*, 276 F.R.D. 681 (S.D. Fla. 2011) ("Judges in this District typically condemn boilerplate objections as legally inadequate or 'meaningless.'"); *Benfatto v. Wachovia Bank*, N.A., No. 08–CIV–60646, 2008 WL 4938418, at *2 (S.D. Fla. Nov. 19, 2008) ("[G]eneralized objections, which purport to object to each and every category of documents, are not recognized by this Court.").

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), Plaintiff was required to produce the documents requested "or state with specificity the grounds for objecting to the request, including the reasons." Plaintiff did neither. As noted by United States Magistrate Judge Andrew J. Peck, parties must state grounds for objections with specificity, and language such as "'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing." Fischer v. Forrest, 14 Civ. 1304 (PAE) (AJP), 14 Civ. 1307 (PAE, AJP), 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) (court advises parties that the December 1, 2015 amendments to the Federal Rules of Civil Procedure are now 15 months old, and it is time for all counsel to learn the new Rules and comply).

Accordingly, in light of Plaintiff's deficient response to Request #8, its failure to prepare a privilege log, and its deficient response to the Defendant's motion to compel in which Plaintiff provided no legal authority for its position and no facts to support its position, the Court orders Plaintiff to produce all documents responsive to Request #8 within ten (10) days from the date of

3

this Order.   Because Plaintiff has not prepared a privilege log and has not provided any support for its claims of privilege, it has failed to make a prima facie showing that any information in response to Request #8 is privileged, and Plaintiff has waived any such asserted privilege. *Zamperla, Inc. v. I.E. Park SRL*, No. 613CV1807ORL37KRS, 2015 WL 12836001, at *1 (M.D. Fla. Sept. 22, 2015).   However, as per Local Rule 26.1(e)(2)(C), Plaintiff shall not be required to produce any attorney-client communications created after commencement of this action or any work-product material created after commencement of this action.

The Court further notes that, in Plaintiff's response to Defendant's motion to compel [DE 32], Plaintiff argues a lack of relevance as to Request #8.   However, Plaintiff never asserted that objection in its revised response to Defendant's First Request for Production [DE 35-1, p. 2]. As stated in Local Rule 26.1(e)(2)(A), Plaintiff's failure to raise the relevancy objection in its response to the request for production deems that any relevancy objection has been waived. Accordingly, Defendant's motion to compel is granted as to Request #8 of Defendant's First Request for Production.

<u>Requests #14, 15, and 16</u>

Next, as to Requests #14, 15 and 16, Plaintiff's revised response to Defendant's First Request for Production merely states as to all three requests: "Objection, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence." [DE 35-1, p. 2].   Defendant asserts that Plaintiff's objections to Requests #14, 15 and 16 are boilerplate and improperly allege overbreadth without a supporting affidavit.   Plaintiff

maintains that is it is "self evident" how overbroad, burdensome and irrelevant the requests are, again providing no facts to support its statement.   [DE 32, p. 2].[2]

The Court finds that Plaintiff's responses to Requests #14, 15, and 16 are improper boilerplate objections per Local Rule 26.1(e)(2)(A).   Further, Plaintiff's response to the motion to compel contains no specifics as to Plaintiff's overbreadth claim or lack of relevance claim and includes no affidavit, declaration, or even proffer of facts stating how the production would be burdensome.   Accordingly, Defendant's motion to compel [DE 28] is granted as to Requests #14, 15 and 16.   Plaintiff shall produce all responsive documents within ten (10) days from the date of this Order.

Requests #7, 11, and 18

As to Requests #7, 11 and 18, Plaintiff responded by stating that production of responsive documents is "pending" the parties' agreement on a non-disclosure, confidentiality and privacy agreement.   The parties have been unable to agree upon the exact terms of such an agreement. Moreover, Plaintiff did not address Requests #7, 11, and 18 in its response to Defendant's motion to compel.   Accordingly, the Court orders that Plaintiff shall produce all responsive documents to Requests #7, 11 and 18 within ten (10) days from the date of this Order.

The Court hereby orders that all documents produced by Plaintiff in response to Requests #7, 11 and 18 shall be governed by the following confidentiality provision: all documents produced by Plaintiff shall be used by the parties solely in this proceeding and all such documents shall remain confidential and private, and shall not be distributed or shown to any non-parties other than experts utilized by any party to this case or counsel's staff.   No such

---

[2] The Court notes that its reasoning and analysis regarding Request #8 above applies with equal force to all of Plaintiff's responses to the requests for production at issue in Defendant's motion to compel [DE 28].

documents shall be produced in the public record or filed in this case without prior leave of court.   If either party believes that it is necessary to file the allegedly confidential information produced by Plaintiff in response to Requests #7, 11, or 18 in the public court record, it shall follow the procedure for seeking an order to seal such documents as laid out in the Local Rules.[3]

## II.   DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES [DE 29]

In Defendant's Motion to Compel Complete Answers to Its First Set of Interrogatories [DE 29], Defendant contends that Plaintiff's responses to the interrogatories were incomplete, evasive, vague, and included legally insufficient boilerplate objections.   Defendant argues that Plaintiff has set forth insufficient responses to Interrogatories #5, 6, and 7 and that Plaintiff's objections to Interrogatories #13 and 14 should be overruled.   *Id.*   Defendant is seeking reasonable attorney's fees and costs incurred in filing the motion.   *Id.*

In response, Plaintiff states that it agrees with Defendant in part, and Plaintiff has, accordingly, withdrawn its objections to Interrogatories #13 and 14 and has provided responses. [DE 33].   Plaintiff contends, however, that is has provided sufficient responses to Interrogatories #5, 6, and 7.   Plaintiff also seeks attorney's fees for having to respond to the motion.   *Id.*

In Defendant's reply, it contends that Plaintiff has cited no legal authority in support of its argument that Plaintiff's responses to Interrogatories #5, 6, and 7 are sufficient.   [DE 35]. Defendant also asserts that, while Plaintiff did serve a revised response on February 24, 2017, (after the filing of Defendant's motion to compel) the revised responses to Interrogatories #5, 6,

---

[3] Should the parties desire a more comprehensive non-disclosure, confidentiality and privacy agreement, they can either confer as professionals in good faith and file a proposal for the Court's review or either party may seek entry of a more comprehensive order via motion.   However, the documents shall be produced within ten (10) days of the date of this Order regardless.

and 7 are still deficient, and now Interrogatories #3 , 8, and 11 are deficient as a result of the revised responses.  *Id.*   Defendant additionally argues that the revised responses must be verified.  *Id.*

## Verification of Interrogatory Responses

The Court first notes Plaintiff's Revised Unverified Response to Defendant's First Set of Interrogatories [DE 34-1] is not verified and is, therefore, in violation of Federal Rule of Civil Procedure 33(b).  Defendant's motion to compel is granted in this regard.  Plaintiff shall file properly verified responses to the interrogatories within ten (10) days of the date of this Order.

## Interrogatory #3

Interrogatory #3 seeks the specific nature and substance of the knowledge that Plaintiff believes the person(s) identified in response to Interrogatory #2 may have.   In Plaintiff's revised response, it provided the requested information for Jay Farraj and Rosaire Badger, but not for Richard Gregory, who is also listed in Plaintiff's response to Interrogatory #2.   [DE 34-1, p. 2]. Defendant argues in its Reply [DE 34], that the revised response to Interrogatory #3 does not state the substance of knowledge for Richard Gregory, an individual who Plaintiff has named as a witness.

With regard to Interrogatory #3, the Court finds that Plaintiff's response is insufficient as it does not specify the nature and substance of knowledge of Richard Gregory.  Defendant's motion to compel [DE 29] is granted as to Interrogatory #3.  Plaintiff shall file a complete response to Interrogatory #3 within ten (10) days from the date of this Order providing the nature and substance of the knowledge of Richard Gregory.

Interrogatory #5

Interrogatory #5, requests that Plaintiff "state in detail the substance of the opinions to be provided by each person who [Plaintiff] may use as an expert at trial."   Plaintiff's response states, "[p]ursuant to Rule 33(d), please see attached Tod Weston affidavit."   [DE 34-1, p. 2]. Defendant argues that Plaintiff's response is insufficient as Plaintiff simply referred to the Affidavit of Tod Weston, which affidavit is vague, self-serving, and fails to state in detail the substance of his opinions.   Defendant also points out that the affidavit of Tod Weston is not attached to the responses, but only to Plaintiff's initial disclosures.   Plaintiff argues that it has provided Defendant with all necessary information to identify and explain the damages it seeks and asserts that the affidavits, including an affidavit by Plaintiff's expert, provided specific facts, figures, and the basis for the conclusions presented in the affidavits.

With regard to Interrogatory #5, which asks for expert opinions, the Court notes that Plaintiff's response does not specifically state which affidavit is being referred to by date, and the Court does not known if there is more than one affidavit of Tod Weston.   Defendant's motion to compel [DE 29] is granted in that respect as to Interrogatory #5.   Accordingly, Plaintiff shall revise its response to Interrogatory #5 to specifically state the date of the Tod Weston affidavit that it is referring to and provide a complete copy of the affidavit to Defendant so that there is no question as to which affidavit Plaintiff is referring.   With regard to Defendant's argument that the Tod Weston affidavit (or at least the affidavit to which Defendant assumes Plaintiff is referring in Plaintiff's interrogatory responses) is vague and self-serving, the Court agrees that part of the affidavit appears to be self-serving, argumentative, and vague. However, Interrogatory #5 requested the substance of the opinions that Tod Weston would give,

8

and Plaintiff has provided it.   Although Tod Weston's opinions may be subject to a *Daubert*[4]
challenge, a motion to strike, or a motion *in limine* at a later date, the Court need not concern
itself with those issues now.   Plaintiff has stated its expert's opinions, and the Court can
consider the propriety of those opinions at the proper time in this case.   That time is not now
within the context of a discovery dispute.   Further, Defendant is free to take the deposition of
Tod Weston and file motions addressed to Tod Weston's alleged improper opinions at a later
date pursuant to the Scheduling Order entered in this case.

<u>Interrogatories #6 and 7</u>

Interrogatory #6, requests "each item of damages" claimed by Plaintiff, along with the
"count or defense to which the item of damages relates; the category into which each item of
damages falls, i.e. general damages, special or consequential damages (such as lost profits),
interest, and any other relevant categories; the factual basis for each item of damages; and an
explanation of how [Plaintiff] computed each item of damages, including any mathematical
formula used."   Plaintiff's revised response states, "Statutory Damages, General Damages, and
Attorney's Fees.   See previously provided affidavit of Tod Weston, Esq and Jarrir Farraj."
[DE 34-1, 3].   Interrogatory # 7 requests "each item of loss(es) and the dollar amount of such
loss(es) as alleged in paragraph 79 of the Complaint."   Plaintiff's revised response states, "See
previously provided affidavits of Jarrir Farraj and Tod Weston."   [DE 34-1, p. 3].   Defendant
argues that Plaintiff's responses to these interrogatories are insufficient as Plaintiff simply
referred to the Affidavits of Tod Weston and Jay Farraj.   Defendant contends that the affidavits
reference one another and simply set forth an estimate of sales lost in Florida for 2014.
Defendant claims that it is entitled to know much more specific information regarding Plaintiff's

---

[4] *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

alleged damages.    Plaintiff argues that it has provided Defendant with all necessary information to identify and explain the damages it seeks and asserts that the affidavits, including an affidavit by Plaintiff's expert, provided specific facts, figures, and the basis for the conclusions presented in the affidavits.

As to Interrogatory #6, the Court finds that Plaintiff's response is insufficient and that the affidavits of Tod Weston and Jay Farraj do not sufficiently describe the information sought by Defendant.    Defendant's motion to compel [DE 29] is granted as to Interrogatory #6.    Plaintiff shall revise its response to Interrogatory #6 within ten (10) days of the date of this Order and shall specifically identify to the best of its ability the following: (1) the type of damages sought for each count of the Complaint; (2) the specific amount of general damages sought, the factual basis for the general damages claimed, and how the general damages amount was calculated; and (3) the specific amount of statutory damages sought, the factual basis for the statutory damages sought, and how the statutory damages amount was calculated.

Next, with regard to Interrogatory #7, the Court finds that Plaintiff's response is insufficient and that the affidavits of Tod Weston and Jay Farraj do not sufficiently describe the information sought by Defendant.    Defendant's motion to compel [DE 29] is granted as to Interrogatory #7.    Plaintiff shall revise its response to Interrogatory #7 within ten (10) days of the date of this Order and shall specifically state to the best of its ability the losses and dollar amount of losses as alleged in paragraph 79 of the Complaint.

<u>Interrogatory #8</u>

Interrogatory #8, requests that Plaintiff "identify each document (including electronically stored information) pertaining to each item of damages stated in [Plaintiff's] response to interrogatory no. 6 above." [DE 34-1, p. 3].    Defendant argues that Plaintiff's response is

10

insufficient as Plaintiff simply referred to the Affidavit of Tod Weston, which is vague, self-serving, and fails to state in detail the substance of his opinion.   Defendant also points out that the affidavit of Tod Weston is not attached to the responses, but only to Plaintiff's initial disclosures.

With regard to Interrogatory #8, the Court finds that Plaintiff's response is insufficient. Defendant's motion to compel [DE 29] is granted as to Interrogatory #8.   Plaintiff shall revise its response to Interrogatory #8 within ten (10) days of the date of this Order and shall specifically identify to the best of its ability the documents or ESI pertaining to each item of damages stated in response to Interrogatory #6.

<u>Interrogatory #11</u>

Interrogatory #11 requests that Plaintiff identify the "volume dollar of sales of [Plaintiff's] product or services with the trademark at issue in the United States for the following years: 2013, 2014, 2015 year to date, and the percentage of those sales as to the total sales for [Plaintiff's] company."   Plaintiff's revised response states, "See previously provided affidavit of Jarrir Farraj for information on 2014, 2015 and 2016.   There are no materials responsive to 2013."   [DE 34-1, p. 4].   Defendant claims that Plaintiff's reference to the affidavit of Jarrir Fraraj does not constitute a sufficient response because the affidavit does not provide the dollar volume of sales for 2013 or 2014 or the percentage of those sales to overall sales volume.

Finally, with regard to Interrogatory #11, the Court finds that Plaintiff's response is insufficient.   Defendant's motion to compel [DE 29] is granted as to Interrogatory #11. Plaintiff shall revise its response to Interrogatory #11 within ten (10) days of the date of this Order and shall specifically identify to the best of its ability the dollar amount of sales for 2013

and 2014 and the percentage of these sales as to the total sales of the company.   If there are no sales for 2013, Plaintiff shall state so in its response.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Compel Documents Responsive to Its First Request for Production of Documents [DE 28] is **GRANTED**.   Plaintiff is required to produce all documents responsive to Requests #7, 8, 11, 14, 15, 16, and 18 within ten (10) days from the date of this Order as explained in more detail above.

2. Defendant's Motion to Compel Complete Answers to Its First Set of Interrogatories [DE 29] is **GRANTED**.   Defendant is required to provide better responses to Interrogatories #3, 5, 6, 7, 8, and 11 within ten (10) days from the date of this Order as explained in more detail above.

3. Plaintiff's request for an award of attorney's fees and costs for having to respond to Defendant's motions is DENIED.

4. In Defendant's Motion to Compel Documents Responsive to Its First Request for Production of Documents [DE 28] and Defendant's Motion to Compel Complete Answers to Its First Set of Interrogatories [DE 29], Defendant sought an award of attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).   Plaintiff failed to address Defendant's request for fees and costs in either of its responses, although Plaintiff did seek attorney's fees and costs for having to respond to Defendant's motions.   [DE 32, p. 2; DE 33, pp. 3-4].   Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel discovery is granted, the Court must require the party whose conduct necessitated the motion or the attorney advising that conduct, or both, to pay the movant's reasonable fees in making the motion unless (1)

the movant filed the motion before attempting in good faith to obtain the discovery with court action, (2) the opposing party's response or objection was substantially justified, or (3) other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).

5. In light of the fact that the Court has granted both of Defendant's motions to compel, and in light of the fact that Plaintiff withdrew its objections to Interrogatories #13 and 14 and provided responses to those interrogatories after Defendant's motion to compel was filed, the Court must now address whether the Court should require Plaintiff and its counsel to pay Defendant's reasonable costs and attorney's fees incurred in this discovery dispute pursuant to Rule 37(a)(5)(A).   The Court, therefore, directs Defendant to file, within five (5) days of the date of this Order, a memorandum in support of its request for an award of Rule 37(a)(5)(A) expenses which addresses Defendant's entitlement to an award of attorney's fees and costs and also addresses the amount of reasonable attorney's fees and costs that Defendant requests to be awarded by this Court.  The memorandum shall be no longer than seven (7) pages and, as to amount of attorney's fees and costs sought, shall address the hourly rate of counsel, time expended, and costs incurred.  Defendant may attach an affidavit regarding its attorney's fees and costs incurred if it wishes to do so.   Plaintiff shall then have five (5) days to file a memorandum in opposition to Defendant's request for an award of Rule 37(a)(5)(A) expenses which shall address Defendant's entitlement to an award of attorney's and costs against Plaintiff and its counsel and the amount of attorney's fees and costs sought, including the hourly rate of counsel and time claimed to have been expended by Defendant's counsel on this discovery matter.   Plaintiff's memorandum

13

shall be no longer than seven (7) pages.   Defendant shall be permitted to file a reply memorandum of no more than three (3) pages within three (3) days of the filing of Plaintiff's memorandum.   Thereafter, the Court will enter a further order on Defendant's request for Rule 37(a)(5)(A) expenses.

6.   The parties are encouraged to confer and resolve this Rule 37(a)(5)(A) expense issue without court intervention if they are able to do so.   If the parties are able to resolve this issue by agreement, they shall submit a proposed agreed order on Defendant's request for Rule 37(a)(5)(A) expenses for the Court's review.   If the parties cannot resolve this issue, the Court will resolve it after reviewing the parties' memoranda.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of March, 2017.

WILLIAM MATTHEWMAN
United States Magistrate Judge